UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHELLEY LYNN DUNKEL,<br><br>　　　　　Petitioner (Defendant),<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent (Plaintiff). | Case No. 2:14-CV-00259-EJL<br>　　　　2:12-CR-00012-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court in the above entitled matter is Defendant Shelley Lynn Dunkel's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Dkt. 1 in the civil case, Dkt. 211 in the criminal case). The Government filed its answer to the motion on October 14, 2014. Dkt. 10. Upon motion of Dunkel, the Court stayed the case pending a decision by the United States Supreme Court in 2016 relating to recalling a jury after the jury is discharged. The Court allowed supplemental briefing after the Supreme Court's ruling in *Dietz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885 (2016). The motion is now ripe for the Court's consideration and the Court finds Dunkel's § 2255 motion should be denied.

**MEMORANDUM DECISION AND ORDER- 1**

## FACTUAL BACKGROUND

A jury convicted Dunkel of twelve counts of mail and wire fraud on October 19, 2012. Dkt. 101. After the verdict was accepted by the Court, it was discovered that the jury did not have all the pages of *one* exhibit when they deliberated. Within 35 minutes of the verdict being received by the Court and the jurors excused, counsel for the government discovered the exhibit issue. The Court immediately directed the jury commissioner to call all jurors and advise them that an issue had come up and further deliberations maybe be required. *See* Minutes, Dkt. 95. The jurors were instructed not to discuss the case with anyone, to heed the admonitions of the Court previously given and to report back to the courthouse the next time the Court was in Coeur d'Alene, Idaho the first week of November. *Id.*[1]

Counsel for Dunkel and co-defendant Michael Persky moved for a mistrial. The Court requested briefing. Defendant Dunkel's brief was filed on October 29, 2012 and the Government's response was filed on November 1, 2012. Dkts. 103 and 105. The Court issued its ruling denying the motion for a mistrial on November 2, 2012. Dkt. 106. Due to the unavailability of some of the jurors in early November, the Court continued the matter to December 3, 2012, the next time the Court was in Coeur d'Alene. Dkt. 106.

---

[1] The District of Idaho covers the entire state of Idaho. The Court hears matters in Boise, Pocatello and Coeur d'Alene. The Court travels to Coeur d'Alene once a month.

**MEMORANDUM DECISION AND ORDER- 2**

On December 3, 2012, the jurors returned to the courthouse and the Court confirmed no juror had discussed the case since they were excused on October 13, 2012 and there were no reasons which prevented any juror from continuing to sit as a qualified juror in this matter. Transcript, Dkt. 164. The Court instructed the jury on the situation, read one additional jury instruction and allowed argument by counsel. *Id.* The jury deliberated and after an hour and 25 minutes, returned a new verdict finding Dunkel guilty on the same 12 counts (Counts 7-12 and 15-20). *Id.,* Minutes, Dkt. 115[2], and Second Verdict, Dkt. 116. Dunkel also filed a renewed motion for acquittal and motion for a new trial which were denied by the Court.

On February 4, 2013, Dunkel was sentenced to 6 imprisonment on each count to run concurrently and three years of supervised release on each count to run concurrently, $100 special assessment on each count and restitution in the amount of $54,528.68. Judgment, Dkt. 140.

Defendant filed a direct appeal. Dkt. 141. New counsel was appointed to represent Dunkel on appeal. Dunkel's convictions were affirmed by the Ninth Circuit. Dkt. 193. Dunkel sought a writ of certiorari from the Supreme Court which was denied June 23, 2014. Dkt. 205.

---

[2]The Minutes are dated "10/10/12" but this is a typographical error. The docket notes that additional attachments were added to the Minutes on 12/10/2012. The Court confirmed the contents of the Minutes by examining the Transcript of 12/3/2012, Dkt. 164.

**MEMORANDUM DECISION AND ORDER- 3**

Defendant timely filed her § 2255 motion on June 30, 2014.  In her motion, Dunkel claims the Court violated her Sixth Amendment Right to a fair trial when the jury was recalled and trial counsel was not effective for not objecting to the recall, nor did appellate counsel argue this issue on appeal.

### STANDARD FOR EVIDENTIARY HEARING

Pursuant to 28 U.S.C. § 2255, the Court recognizes that a response from the government and a hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...."  Furthermore, a hearing must be granted *unless* the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).  However, a district court may summarily dismiss a Section 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief...." Rule 4(b), Rules Governing Section 2255 Proceedings in the United States District Court.  Thus in order to withstand summary dismissal of his motion for relief under Section 2255, defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).  In the present case, the legal issues do not require an evidentiary hearing.

**MEMORANDUM DECISION AND ORDER- 4**

## ANALYSIS

1. <u>Ineffective Assistance of Counsel Claims For Failing to File Motions.</u>

A Petitioner claiming ineffective assistance of counsel must allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Mere conclusory allegations do not prove that counsel was ineffective. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989). A defendant fails to state a claim for ineffective assistance if he fails to allege facts sufficient to meet <u>*either*</u> the "performance" <u>or</u> "prejudice" standard, and the district court may summarily dismiss his claim.

The Court has reviewed the Petitioner's motion, and the entire record herein, and concludes that even assuming the Petitioner has alleged facts sufficient to state a claim of ineffective assistance of counsel, the Petitioner has failed to allege facts sufficient to satisfy the "prejudice" prong of the two part test of ineffective assistance of counsel. Specifically, the Petitioner has failed to demonstrate there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of her case would have been different.

Dunkel had both retained and court appointed counsel that represented her in this matter. Her trial counsel was court appointed. Trial counsel, Mr. Van Idour is an experienced criminal defense attorney. It is ultimately counsel's strategic decision, not

**MEMORANDUM DECISION AND ORDER- 5**

the client's about whether or not to file a motion. *Wainwright v. Skyes*, 433 U.S. 72, 93 (1977). In direct contrast to Dunkel's claims, her counsel did file multiple motions in this case and specifically objected to the recalling of the jury and moved for a mistrial when it was discovered Exhibit 14 submitted to the jury was not complete. Dunkel's attorney also filed a renewed motion for acquittal. These motions were denied, but that does not mean counsel was ineffective. Moreover, Dunkel challenged the Court's denial of her motion to sever and motions for acquittal (sufficient evidence) in her direct appeal and such challenges were rejected.

2.  <u>Impact of Recalling the Jury</u>

Dunkel also argues that based on the recent Supreme Court case as well as other cases from other circuit courts, the Court should find excusing and recalling the jury is a basis to find her Constitutional rights were violated and his convictions in this matter should be vacated. The Court respectfully disagrees that such relief is required by the *Dietz* decision or other non-binding cases. The opinions of other circuits or other states is not binding on this Court. This Court is bound by the law as set out by the Supreme Court and the Ninth Circuit.

In *Dietz*, the Supreme Court determined in a civil matter a federal district court has the inherent power to rescind and recall a jury for further jury deliberations after identifying an error in the jury's verdict. 136 S.Ct. at 1893. The Court cautioned "[j]ust because a district court has the inherent power to rescind a discharge order does not mean

**MEMORANDUM DECISION AND ORDER- 6**

it is appropriate to use that power in every case." *Id.* This Court agrees. But under the facts of this particular case and no objection having been voiced to the delay in having the jury reconvene, the recall process was proper.

The *Dietz* opinion set forth four factors that were relevant to determining if the recalling of the jury is proper. The Court finds that in applying the four factors set out in *Dietz*, the discharge and recalling of the jury in this particular case in the manner in which it occurred did not violate Persky's Constitutional rights. First, the delay between the discharge and the notification to the jurors they would need to deliberate again was less than an hour. Moreover, all of the jurors confirmed they did *not* discuss the case with third parties prior to receiving the call from the jury commissioner and returning to Court to deliberate. There is no evidence that any smart phones or internet were accessed or relevant to this case. Additionally, it is the Court's standard practice to remove all cell phones from jurors while deliberating and the documents in this case were all hard copies, not electronic copies.

Second, while it is true based on the Court's calendar in northern Idaho it did have the jurors continue deliberations immediately, but such was not possible based on the availability of jurors and the Court. This is a judicial district with two district judges to cover the entire state and it is simply impossible for the Court to be in northern Idaho more than once a month based on its case demands in other areas of the state. Counsel did not object to the delay (only to the decision to reconvene the jury) and it is too late to object to the continuance of bringing the jury back in the § 2255 motion when such

**MEMORANDUM DECISION AND ORDER- 7**

objection was forfeited.  Also, defense counsel wanted the opportunity to brief the matter before the Court ruled on the motion for a mistrial which was part of the delay.

Third, the jury had the majority of Exhibit 14 when it originally deliberated and found the Defendant guilty on 12 counts. After being instructed by the Court, hearing the second closing arguments of counsel and reviewing the entire Exhibit 14, the verdicts did not change from the original guilty verdicts. The jury did not deliberate quickly. Instead, the jury deliberated for nearly an hour and half before it returned the same verdict.

It is clear to the Court that the missing part of the Exhibit 14 was not material determining whether the Government had proven the Defendant guilty beyond a reasonable doubt on each element of each charge. Moreover, the missing part of one particular exhibit did not cause the jury to target other facts or arguments not previously presented. The arguments allowed when the jury reconvened were essentially the same arguments previously made by counsel.

Fourth, there is no indication the second verdict was an emotional reaction to first verdict or to the fact the jurors were called back to consider its verdicts in light of the complete Exhibit 14.

While there is a risk of prejudice when a jury is discharged and recalled, in this particular situation the jurors were notified immediately and there is no indication of any prejudice or undue third party influence on the jury. The Court inquired and the jurors responded they had not discussed or been exposed to potentially prejudical information since their discharge after the original verdicts.

**MEMORANDUM DECISION AND ORDER- 8**

If Dunkel believed she had a legal basis to appeal the denial of motion for a mistrial, improper jury deliberations or a Double Jeopardy claim, such claims should have been raised by her counsel in her appeal. Instead the claims on appeal were insufficient evidence to convict, insufficient evidence to find the actions of her co-defendant were foreseeable to her and error by the trial court in denying a motion to sever the trials of the two co-defendants. Even if it was ineffective assistance of counsel for appellate counsel not to have raised the mistrial issue regarding recalling the jury, the Court finds such an argument would not have changed the outcome in this case as the verdicts rendered were consistent and were rendered by the same jury with no showing the jurors were unduly influenced at any time during their deliberations or between deliberations.

Jurors are no longer sequestered except in limited situations. Therefore, the risks Dunkel complains about now existed every time the jury went home for the evening. The delay in the jury returning to court was not objected to by counsel and such an objection was waived. This Court finds the recalling of the jury did not prejudice the outcome, but preserved the rights of Dunkel to make sure the jury considered all of the evidence admitted in rendering its verdicts and rendered verdicts consistent with her Constitutional rights.

Moreover, there was only one jury empaneled in this matter and Dunkel was only tried once on the charges. The fact that the jury revisited its verdict after the discovery of not having had a complete copy of one exhibit does not rise to the level of being tried twice or punished twice for the same crime under the Double Jeopardy Clause.

**MEMORANDUM DECISION AND ORDER- 9**

3. <u>Conclusion</u>

For these reasons, all the claims of ineffective assistance of counsel are denied as Dunkel has failed to allege specific facts which, if proved, would demonstrate that (1) counsel's actions were "outside the wide range of professionally competent assistance," *and* (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-690 (1984). Even assuming counsel acted outside the wide range of professionally competent assistance, Dunkel has failed to establish prejudice from the alleged deficiencies of counsel. Dunkel's substantive rights were not violated by the Court's denying motions or recalling the jury under the particular facts and circumstances of this case. Therefore, there is no reasonable probablity that the result of the proceedings were not affected by her counsel's alleged deficiencies.

## ORDER

**IT IS ORDERED** that Dunkel's § 2255 Motion (Dkt. 1, and Dkt. 211) is **DENIED.**

DATED: **September 7, 2016**

*[signature]*

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER- 10**